No. 2497.—CHARLES B. EVANS v. VINCENT POPULUS.

The Legislature is competent to clothe the Governor with authority to remove an incumbent from office for failing or refusing to discharge his duties according to the requirements of the law by which the office was created.
Where the Governor removes an officer under a special authority given by statute, courts will presume that he had proper cause for the exercise of that prerogative. This presumption may, however, be overthrown by countervailing proof. 19 An. 210.

APPEAL from Sixth Judicial District Court, parish of St. Tammany. Ellis, J. T. & J. Ellis, for plaintiff and appellee. F. S. Ganter and F. G. Chamberlain, for defendant and appellant.

TALIAFERRO, J. The petition of the plaintiff alleges that he is tax collector and assessor of the parish of St. Tammany, by virtue of appointment to those offices by the Governor of the State, under the
16

act 114, of March, 1869, and he shows two commissions from the Governor, one dated eighteenth February of that year, appointing him assessor, the other dated thirteenth of March following, appointing him State collector of the parish of St. Tammany. He sets forth further, that when in the discharge of his duties under these appointments, on the ninth of April, 1869, he was provisionally enjoined from proceeding to discharge the functions of his office. He further avers that the Governor of the State, contrary to law, and without right so to do, appointed one Vincent Populus assessor and collector of said parish, when there was no vacancy in these offices; that said Populous is proceeding to act officially under the pretended appointment of the Governor, to the great damage of petitioner, etc. He accordingly prayed for and obtained a writ of injunction, restraining Populus from acting in the capacities aforesaid.

The answer of Populus contains a general denial. The respondent avers that the plaintiff held the position, he alleges, subject to be removed by the Governor, according to the act of the Legislature of March 9, 1869, numbered 114. That in pursuance of the spirit and provisions of that act, the plaintiff was duly suspended by the subsequent appointment of the respondent.

The case was tried by a jury, who found for the plaintiff, with fifty dollars damages against the defendant. From this judgment the defendant appeals.

By section 94 of the act before recited, it is enacted that "any assessor, or member of the board of assessors or tax collector for the city of New Orleans, or any State collector refusing or failing to do his duty as prescribed by this act, shall be liable to dismissal from office by the Governor."

Here is an office created by law. The authority by which it was created was competent to clothe the Governor with power to remove the incumbent of such office for failing or refusing to discharge his duties according to the requirements of the law by which the office was created. In cases of removal by the Governor, where he is vested with the power to remove, courts will presume that he had proper cause for removal when he exercises that prerogative. This presumption may be overcome by countervailing evidence, where such is presented.

We find no such counterpoising testimony in the present case. Much stress is laid upon the fact that the plaintiff was prevented from making returns, etc., owing to a temporary suspension of the functions of the Auditor of Public Accounts. But we find it no where intimated that that cause was assigned for the removal of the plaintiff. We find from the record that the injunction, which the plaintiff himself avers suspended provisionally his functions on the ninth of April, about a month after he was appointed, was taken out by a number of his sureties, who declared that they had good and sufficient reason to believe, and that

they did actually "fear and believe that Charles B. Evans has appropriated and is still appropriating to his own private use and purposes" the public moneys and taxes received by him in his capacity of collector of taxes. It further appears that afterwards, on the twenty-sixth of April, another injunction to the same effect and for the same purpose, based upon the same declarations, and sworn to by others of his sureties on his official bond, was taken out. The object of these injunctions was to screen the sureties from liabilities which they feared from the defalcation of their principal. These proceedings of the sureties were dismissed at their own instance on the third of June, 1869. The commission of Populus bears date eleventh of May, 1869, and it is not unfair to imagine that the dismissal arose from a belief by the sureties that, another collector having been appointed, their liabilities were removed, rather than that their lost confidence in the trustworthiness of the plaintiff was restored.

One of the witnesses stated that, in a conversation had with Evens, in March or April, 1869, the latter told him ," he intended to keep a part of the taxes collected as an offset for damages by him sustained," and that " he said something to the effect that he intended to leave as soon as he could collect enough to make it an object." This want of confidence on the part of plaintiff's sureties in his " trustworthiness " seems to have been largely participated in by the jurors who sat upon the trial; for, after rendering a verdict in favor of the plaintiff, recognizing him as the lawful collector of their parish, they joined in a request to the judge that he would use his influence with the Auditor and Governor to immediately appoint an honest, capable and worthy man as assessor and collector of the parish of St. Tammany, as the same is necessary for the welfare and prosperity of this parish."

This case is similar, in some respects, to that of Dubuc v. Voss, 19 An. 210, which has been adverted to in the argument. In that case, the Governor was authorized to remove. The second commission recites that Voss was appointed in place of "Dubuc, removed." In the case now before us, the commission to Populus recites that he is appointed "vice Charles B. Evans."

So far from finding anything to rebut the presumption that the removal of the plaintiff was without cause, the presumption that there was good cause is greatly strengthened by the facts we have gleaned from the record, and which, after carefully comparing the dates of the prominent events the controversy gave rise to, leave no doubt that they were known to the Executive, and properly influenced his action in the premises.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that the defendant be, and he is hereby recognized as lawfully holding the office of assessor and collector of the parish of St. Tammany, in accordance with the commissions exhibited by him on the trial of this case. It is further ordered that the plaintiff and appellee pay costs in both courts.

Rehearing refused.